IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONETTE MARIE SHUTTLEWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1109 |
| ) | |
| KILOLO KIJAKAZI, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 30th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] The Court first notes that Plaintiff has withdrawn her separation-of-powers argument pursuant to *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). (Doc. No. 19, p. 3). She does continue to argue, however, that the Administrative Law Judge ("ALJ") erred

in failing to resolve a conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT") at Step Five of the Social Security Administration ("SSA")'s sequential process. After careful review, the Court disagrees and, instead, finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled pursuant to the Act.

The DOT is the government publication upon which ALJs and VEs must depend in determining the vocational requirements relevant to Steps Four and Five of the sequential process. It "is a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *McHerrin v. Astrue*, 2010 WL 3516433, at *3 (E.D. Pa. Aug. 31, 2010) (citing SSR 00-4p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)). Plaintiff contends that the jobs the ALJ found that she could perform at Step Five – laboratory equipment cleaner, kitchen helper, and dining room attendant – are incompatible, based on their descriptions in the DOT, with her residual functional capacity ("RFC") as determined by the ALJ. Specifically, she contends that her RFC limited her to work involving no more than "frequent" grasping (R. 20), and that each of the jobs referenced by the ALJ involves "constant" grasping pursuant to the DOT and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). This claim is premised on her assertion that, pursuant to the SCO, each of these jobs requires constant handling, and that handling encompasses grasping. *Id.*, App. C, Part 9, p. C-3. Given that "frequently" under the DOT and SCO means one third to two thirds of the time, while "constantly" means two thirds of the time or more, she contends that her ability to grasp only frequently would prevent her from handling constantly. *Id.*, Identification Key, p. ID-2. This, however, misconstrues the SCO's definition of handling.

Plaintiff is correct that each of the three jobs the ALJ found she could perform – laboratory equipment cleaner (DOT 381.687-022), kitchen helper (DOT 318.687-010), and dining room attendant (DOT 311.677-018) – are identified in the SCO as requiring constant handling. Handling is defined in the SCO as:

> Seizing, holding, grasping, turning, or otherwise working with hand or hands. Fingers are involved only to the extent that they are an extension of the hand, such as to tum a switch or shift automobile gears.

*Id.*, App. C, Part 9, p. C-3. This is consistent with the definition of handling set forth in Social Security Ruling 85-15, 1985 WL 56857, at *7 (S.S.A. 1985). Grasping is not separately defined. Plaintiff contends that, because grasping is listed as one of the ways in which handling can be performed, and since handling is constant with the jobs at issue, each of the component parts that comprise handling must also be performed constantly. However, this Court, as others have done, "rejects Plaintiff's argument equating 'handling' with 'grasping,' as the meaning of the two terms are not the same." *Morey v. Berryhill*, No. 2:16-CV-06491-GJS, 2018 WL 1415160, at *3 (C.D. Cal. Mar. 20, 2018). *See also Augustine v. Astrue*, No. 11 CIV-3886 BMC, 2012 WL 2700507, at *10 (E.D.N.Y. July 6, 2012); *Cartagena v. Colvin*, No. ED-CV-14-0884-DFM, 2014 WL 4978511, at *2 (C.D. Cal. Oct. 6, 2014).

Indeed, the fact that the SCO identifies grasping as merely one of several ways in which one may handle demonstrates that the two terms are not synonymous. Part of the handling required for a job may involve grasping, but it also would be expected to involve seizing, holding, turning, or otherwise working with one's hand or hands. In no way does the definition of handling imply that all forms of handling are performed constantly in jobs with constant handling. Handling is simply a broader term that includes but is not limited to grasping. *See Morey*, 2018 WL 1415160, at *3 ("Thus, a job requiring 'frequent handling' may involve grasping activities, but the job would not, as Plaintiff argues, necessarily require frequent grasping."). A complete inability to grasp would create a different situation, but Plaintiff is not so precluded here. The Court further notes that the positions of laboratory equipment cleaner, kitchen helper, and dining room attendant require only occasional fingering and no feeling, consistent with Plaintiff's RFC. (R. 20).

Accordingly, there is no inherent conflict between the ability to frequently grasp and the need to constantly handle. Thus, there is no conflict between the VE's testimony that Plaintiff could perform the jobs at issue and the DOT. Regardless, even if the Court were to find that such an inconsistency technically exists, it would not warrant remand on this issue. As the Third Circuit Court of Appeals explained in *Zirnsak v. Colvin*, 777 F.3d 607 (3d Cir. 2014), remand is not necessary in such cases where the ALJ discharged his or her duty to ask the VE whether his or her testimony was consistent with the DOT on the record pursuant to Social Security Ruling 00-4p, and where the following factors were met: (1) the claimant did not seriously argue an inability to perform the jobs in question and the record supports a finding that he or she can perform such work; (2) the claimant did not point out the conflict at the hearing; and (3) the challenged jobs were only representative examples. *See id.* at 618-619.

Even assuming a conflict, the situation here is much the same as in *Zirnsak*. First, the ALJ did, in fact, ask the VE whether her testimony was consistent with the information found in the DOT. (R. 143). The VE responded that it was except that in regard to "those limitations which are not specifically enumerated in the DOT, or are enumerated differently," she was relying on her professional experience to account for any discrepancies. (*Id.*). Further, here, as in *Zirnsak*, Plaintiff has made no real argument that she could not perform the occupations at issue, and the ALJ discussed the medical evidence and its impact on Plaintiff's functional limitations at great length. Moreover, Plaintiff did not raise any inconsistencies at the hearing. Finally, the jobs the ALJ found Plaintiff could perform were identified as "representative occupations." (R. 31). Indeed, the VE later identified additional jobs that Plaintiff could perform given an even more restrictive RFC. (R. 141). Accordingly, there is no basis for remanding the case based on this argument.

However, Plaintiff points out that there are other inconsistencies between her RFC and the requirements of two of the three positions at issue, and therefore between the VE's testimony and the DOT. She first states that the position of kitchen helper requires frequent crouching and stooping and exposure to loud noise, whereas the ALJ limited her to only occasional crouching and stooping and exposure to moderate noise. Likewise, she indicates that the job of laboratory equipment cleaner requires occasional kneeling and that she is completely unable to kneel. Plaintiff is correct on all counts, and unlike the grasping/handling issue, these inconsistencies

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:    Counsel of record

---

represent true conflicts between the VE's testimony (and the ALJ's findings) and the DOT. Moreover, these conflicts are fairly apparent; the Court notes that the ALJ expressly asked the VE about the noise levels for the three jobs at issue, and the VE incorrectly stated they all, including kitchen helper, involved moderate noise levels. (R. 138-39). Nonetheless, the Court need not determine whether these inconsistencies would require remand because one position would remain in any event – dining room attendant.

While the Commissioner does bear the burden of demonstrating that the claimant can perform jobs existing in the national economy at the fifth step of the sequential analysis, *see Zirnsak*, 777 F.3d at 616, this burden is satisfied if the ALJ identifies at least one occupation with a significant number of jobs in the national economy that the claimant can perform. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citing 20 C.F.R. § 404.1566(b)). Accordingly, the dining room attendant position alone would satisfy the Commissioner's burden at Step Five. In any event, the Court notes that the VE also identified an additional position – merchandise driver (DOT 299.477-010) – that Plaintiff could perform based on her RFC as stated in the most restrictive of the hypotheticals. (R. 140-41). As the Commissioner points out, there is no inherent conflict between the VE's testimony that Plaintiff could do this job and the DOT or SCO. Were it the *only* remaining job, the Court might hesitate to affirm, but in this context, it merely supports that there are a significant number of jobs in the national economy that Plaintiff can perform even setting aside the positions of laboratory equipment cleaner and kitchen helper.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.